MINUTE ENTRY  CR-04-00038-003         January 14, 2005
          10:35 a.m.

  UNITED STATES OF AMERICA -V- CARL CABRERA

PRESENT: HON.ALEX R. MUNSON, CHIEF JUDGE PRESIDING
   MICHELLE C. MACARANAS, DEPUTY CLERK
   SANAE N. SHMULL, COURT REPORTER
   TIMOTHY MORAN,  ASSISTANT U.S. ATTORNEY
   CARL CABRERA, DEFENDANT
   TIMOTHY BELLAS, ATTORNEY FOR DEFENDANT

PROCEEDINGS: INITIAL APPEARANCE / ARRAIGNMENT

 Defendant Carl Cabrera appeared with court-appointed counsel, Timothy Bellas. Government was represented by Timothy Moran, AUSA.

 Defendant was sworn and advised of the charges against him in the indictment and his constitutional rights.

 Defendant Cabrera waived reading of the indictment and pled  NOT GUILTY to the charges against him. Court ordered  jury trial to begin on MONDAY, MARCH 14, 2005 at 9:00 a.m.  Pretrial motions to be filed no later than Friday, January 28, 2005.

 Government requested the defendant be detained until trial due to the defendant being a flight risk and danger to the community.  Defense counsel argued on behalf of the defendant.  Court ordered the defendant post a $25,000 unsecured bond with the following conditions:

 1. Defendant shall not commit any offense in violation of federal, state or local law including Guam laws;
 2. Defendant shall immediately advise the Court, defense counsel and the U. S. Attorney in writing before any change in address and telephone number;
  3. Defendant shall appear at all proceedings as ordered by this Court or counsel and to surrender for service of any sentence imposed;
 4. Defendant shall not attempt to get a passport or any travel documents other than travel documents to travel from Guam to Saipan and that he notify the Probation Office of anytime he will travel to Saipan;
 5. Defendant shall not leave the island of Guam without prior written permission of the Court unless it is to travel to Saipan in connection with the defense or of this case or ordered to be here by the Court or his attorney;

 6. Defendant shall avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution unless accompanied by his attorney;
 7. Defendant shall not possess a firearm, destructive device, or other dangerous weapons or have it at his residence;
  8. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner;
 9. Defendant shall submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing;

10. Defendant shall submit to the Pretrial Services Office for Supervision and to be placed under electronic monitoring at the defendant's expense in an amount determined by the Probation Office after interview;

11. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with efficiency and accuracy of any prohibited substance testing or electronic monitoring which are required as a condition of release; and

12. Defendant is restricted to his residence every day from 6:00 p.m. to 6:00 a.m. with electronic monitoring at the defendant's expense. The defendant may leave his residence 30 minutes prior to the time the defendant must report to work and report back to his residence.

Government moved the Court to order that the defendant refrain from the use of any alcohol and that two financial responsible individuals co-sign the bond. Court so ordered.

The defendant is remanded back into the custody of the U. S. Marshal pending any paperwork from the Clerk's Office.

      Adj. 11:05 a.m.;   [MCM EOD 01/14/2005]