F I L E D
Clerk
District Court

AUG - 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

TORRES BROTHERS, LLC
Stephanie G. Flores, Esq.
Attorneys at Law
P.O. Box 501856
Saipan, MP 96950
Bank of Guam Building, Third Floor
Tel.: (670) 233-5506
Fax: (670) 233-5510

*Attorneys for Eric Tudela Mafnas*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC JOHN TUDELA MAFNAS,<br><br>Defendant. | CRIMINAL CASE NO. 04-00038<br><br>EX PARTE MOTION FOR CONTINUANCE OF TRIAL AND MEMORANDUM IN SUPPORT OF MOTION<br><br>Date: August 1, 2005<br><br>Time: 9:00 a.m.<br><br>Judge: W. Tashima |

Defendant, Eric J.T. Mafnas, through his attorneys of record, Torres Brothers, LLC, makes this Ex Parte Motion for Continuance of Trial. This Motion is supported by a Memorandum of Points and Authorities filed concurrently herewith as well as any argument that may be had on this matter.

Respectfully submitted this 1st day of August, 2005.

TORRES BROTHERS, LLC..

By:_____
Stephanie G. Flores, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES

Eric J.T. Mafnas, through his counsel, moves to continue the trial of this matter currently scheduled for 1:30 p.m. on August 1, 2005. This motion is made pursuant to Local Rule 7.1.h.3 (b) and Model Rule of Professional Conduct 1.7.

## RELEVANT FACTS

Eric J. T. Mafnas one of two remaining defendants in this case. A Superseding Indictment was filed in this case on July 28, 2005. This Superseding Indictment amended Count 3 to widen the dates of the alleged conspiracy from June 2002 to February 2004, previously the time period covered only May 2003 to December 2003.

Carl Cabrera has recently entered into a Plea Agreement with the Government and has become a cooperating witnesses. As part of his duty to cooperate, Mr. Cabrera was interviewed by Special Agent Joseph Arthur on July 27, 2005. On July 29, 2005, Special Agent Arthur produced a "Draft" report to the Assistant United States Attorney handling this matter. This report was in turn provided to the Defense on or about July 30 or 31, 2005. In that draft report it mentions that Cabrera was paid to conduct controlled buys from certain individuals including Roqui Matagolai [sic]. This controlled buy supposedly took place either in 2001 or 2002.

Roque Matagolai is currently a client of the undersigned in a criminal case filed in the Commonwealth Superior Court. That case is drug related.

The undersigned exercised reasonable methods to contact Mr. Matagolai once the conflict was discovered but was unsuccessful. As of this writing, Mr. Matagolai has not provided informed consent to allow the undersigned to continue to represent Mr. Mafnas.

## ARGUMENT

### 1. Conflict of Interest

Rule 1.7 of the Model Rules of Professional Conduct provides:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

    (1) the representation of one client will be directly adverse to another client; or

    (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

    (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

    (2) the representation is not prohibited by law;

    (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

    (4) each affected client gives informed consent, confirmed in writing.

In this case, counsel for the Defendant learned that another present client has been implicated in certain transactions relevant to this case. There has not been sufficient time to consult with said client to determine whether consent will be granted to the undersigned to continue to represent either Mr. Mafnas or Mr. Matagolai. Based upon the dictates of Model Rule 1.7 the undersigned is unable to continue to represent Mr. Mafnas in this case at present. Mr. Mafnas currently does not have an attorney that is familiar with this matter that is not conflicted. A brief continuance of this matter is requested to address this conflict.

**2. More time is needed to adequately provide effective assistance of counsel as to Count 3 of the Superseding Indictment.**

On July 28, 2005 a Superseding Indictment was filed. This new indictment amends Count 3 to widen the scope of the conspiracy to cover the time period from June 2002 to February 2004. This amendment requires that an investigation be conducted relative to the stated time period to provide for an adequate defense.

The Grand Jury Transcripts of the testimony of Carl Cabrera reveal that there were supposedly twelve separate transactions involving a number of individuals. These transcripts were provided just before the close of business on Friday July 29, 2005.

This new time period may include a transaction that includes a present client of the undersigned who has yet to be consulted on the matter of this conflict.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be GRANTED.

Respectfully submitted this 1st day of August, 2005.

TORRES BROTHERS, LLC.

By:_____

Stephanie G. Flores, Esq.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1.h.3 (b)**

(A)   **The telephone numbers and office addresses of the parties are as follows:**

Plaintiff:   Timothy Moran, Assistant U.S. Attorney
United States Attorney's Office
Third Floor, Horiguchi Building
Post Office Box 500377
Saipan, MP 96950
Telephone: (670) 236-2980
Fax Number: (670) 236-2945

|     |     |     |
| --- | --- | --- |
| 2   | Defendants: | Eric J.T. Mafnas<br>c/o Stephanie G. Flores, Esq.<br>3rd Floor, Bank of Guam<br>P.O. Box 501856<br>Saipan, MP 96950<br>Telephone:   (670) 233-5504/6<br>Fax Number: (670) 233-5510 |
| 6   |     | Charles Patris<br>c/o Perry Inos, Esq.<br>2nd Floor Sablan Building, Suite 2C<br>P.O. Box 502017<br>Saipan, MP 96950<br>Telephone:   (670) 235-9006<br>Fax Number: (670) 235-9007 |

**(B)** **Facts showing the existence and nature of the reason for the ex-parte application:**

The undersigned counsel received a "Draft" report on or about July 30 or 31, 2005 indicating that a current client has been implicated in certain activities that may be related to this case. Trial is set to begin at 1:30 p.m. today.

**(C)** **When and how counsel for the other parties were notified and whether they have been served with the motion:**

Defense counsel attempted to contact the Assistant U.S. Attorney on Monday August 1, 2005 and left a voice mail message regarding the newly discovered conflict. Attorney for the co-defendant was notified late on July 31, 2005 of th conflict. Copies of this motion have been faxed to each party on August 1. 2005.

Dated this 1st day of August, 2005..

Respectfully submitted,

By: _____
**STEPHANIE G. FLORES**
Attorney for Defendant,
*Eric J.T. Mafans*