F I L E D
Clerk
District Court

AUG - 1 2005

1  **TORRES BROTHERS, LLC.**
   VICTORINO DLG. TORRES, ESQ.
2  STEPHANIE FLORES, ESQ.
   Attorneys at Law
3  P.O. Box 501856
   Saipan, MP 96950
4  Bank of Guam Bldg. 3rd Flr.
   Tel.: (670) 233-5506
5  Fax: (670) 233-5510

For The Northern Mariana Islands
By_____
            (Deputy Clerk)

6  *Attorneys for Defendant Eric John*
   *Tudela Mafnas*
7

8                    **UNITED STATES DISTRICT COURT**
9
                     **NORTHERN MARIANA ISLANDS**
10

11 **UNITED STATES OF AMERICA,**          )        **CRIMINAL CASE NO. 04-00038**
                                          )
12          **Plaintiff,**                )
                                          )
13          **vs.**                       )        *MOTION IN LIMINE*: **TO SUPPRESS**
                                          )        **ALLEGED FICTITIOUS WARRANT**
14 **ERIC JOHN TUDELA MAFNAS and**        )
   **CHARLES K. PATRIS,**                 )
15                                        )        Time:       9:00 a.m.
            **Defendants.**               )        Date:       August 01, 2005
16 _____ )        Judge: _____

17

18          NOW COMES the Defendant, Eric John Tudela Mafnas, through counsel Victorino
19
   DLG. Torres and Stephanie Flores in the above-entitled case, and respectfully moves this
20
   Honorable Court for an Order in Limine instructing the District Attorney to refrain absolutely
21
   from making any direct or indirect reference whatsoever in person, by counsel, or through
22
   witnesses to the specific evidence or testimony.
23
            1.    Trial is set to begin on Monday, August 01, 2005 at 9:00 a.m.
24
            2.    According to the indictment, the trial will involve a determination of these basic
25
                  issues: Whether Defendant stole $2,530 and took approximately $300.00 worth of
26
                  "ice" from a drug trafficker; whether Defendant took approximately 46 grams of
27
                  ice from DPS evidence room; whether Defendant embezzled, stole or obtained by
28
                  fraud property belonging to DPS worth more than $5,000.00; whether Defendant

1  had possession with intent to distribute "ice"; and whether Defendant made false

2  statements before an FBI agent and committed perjury before a grand jury

3    3.    On Friday, July 29, 2005, the Defendant was informed by Mr. Timothy Moran,

4        District Attorney, that if Defendants introduced the "non-prosecutorial agreement"

5        it had with the Government witnesses— Mr. Moran will introduce in evidence

6        that Defendants procured a "fictitious" arrest warrant.

7    4.    This "fictitious" warrant is entirely immaterial and unnecessary to the disposition

8        of this case and contrary to the rules of evidence.  Fed. R. E 402. "Evidence which

9        is not relevant is not admissible."  Any admission, directly or indirectly, of such

10       evidence would be highly prejudicial to the Defendant in the minds of the jury in

11       that it would presume that Defendants used these fictitious warrants to obtain

12       contraband (relevant to this case) for their benefit.  Additionally, the jury may

13       implicate that the fictitious warrant is related to the pending case, when in fact, it

14       is entirely unrelated.

15   5.    Even if the Prosecution can weave some relevancy to the case, the probative value

16       is substantially outweighed by the danger of unfair prejudice, confusion of the

17       issues, or misleading the jury.  Fed. R. E 403.

18   6.    An ordinary objection during the course of trial, even if sustained with proper

19       instructions to the jury will not remove such effect, in view of the magnitude of

20       assumption that the Defendants are above the law and have betrayed the public

21       through their entrusted position as police officers of this community.  Such

22       evidence is highly prejudicial and no instruction could properly cure the undue

23       prejudice.

24

25

       WHEREFORE, Defendant respectfully urges this Court to exercise its discretion and
26
make an order absolutely prohibiting the said offer or reference thereto.
27

28

1    Respectfully Submitted, 08 / 01 / 2005 .

2                                                                **TORRES BROTHERS, LLC.**

3

4                                                                VICTORINO D. G. TORRES

5                                                                STEPHANIE G. FLORES

6                                                                Attorneys for Eric John Tudela
                                                                 Mafnas, Bar Number: F0253

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28