F I L E D
Clerk
District Court

DEC 2 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

(lda)

HOWARD TRAPP
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000
Facsimile (671) 477-2040

Attorney for defendant
  Eric John Tudela Mafnas

DISTRICT COURT FOR THE NORTHERN MARIANA ISLANDS

-----------

| | |
|---|---|
| UNITED STATES OF AMERICA, ( | Case No. CR 04-00038 |
| ) | |
| Plaintiff, ( | MEMORANDUM IN SUPPORT |
| ) | OF DEFENDANT ERIC JOHN |
| vs. ( | TUDELA MAFNAS'S MOTION |
| ) | TO DISMISS THE INDICTMENT |
| ERIC JOHN TUDELA MAFNAS, et ( | |
| al., ) | |
| ( | |
| Defendants. ) | |

-----------

MAFNAS IS BEING PUNISHED FOR THE
OFFENSES CHARGED IN THE INDICTMENT.

Because it is clearly excessive in relation to the purpose of detaining defendant Eric John Tudela Mafnas after he was found guilty and while he is awaiting imposition of sentence (18 U.S.C. § 3143(a)), and because there is no other purpose to which it may rationally be assigned, the detention of which Mafnas complains is *clearly for the purpose of punishment*:

Of course, the mere invocation of a legitimate purpose will



(MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT ERIC JOHN TUDELA MAFNAS TO DISMISS THE INDICTMENT)
Criminal Case No. CR 04-00038

> not justify particular restrictions and conditions of confinement amounting to punishment. It is axiomatic that "[d]ue process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S., at 535, n. 16. Even given, therefore, that pretrial detention may serve legitimate regulatory purposes, it is still necessary to determine whether the terms and conditions of confinement . . . are in fact compatible with those purposes. *Kennedy v. Mendoza-Martinez*, 372 U.S., at 168-169. "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell v. Wolfish, supra*, at 538. Absent a showing of an express intent to punish on the part of the State, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Kennedy v Mendoza-Martinez, supra*, at 168-169. See *Bell v. Wolfish, supra*, at 538; *Flemming v. Nestor*, 363 U.S. 603, 613-614 (1960).

(*Schall v. Martin*, 467 U.S. 253, 269 (1984).)

> A PUNISHMENT OF MAFNAS OTHER THAN AND IN ADDITION TO THE PUNISHMENT WHICH HE IS ALREADY RECEIVING IS BARRED.

The Fifth Amendment to the Constitution of the United States is applicable within the Northern Mariana Islands as if the Northern Mariana Islands were one of the several States. (Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Feb. 15, 1975, U.S.-N.Mar.I., § 501, 90 Stat. 263, 267.) It provides that no person shall "be subject for the same offence [sic] to be twice put in jeopardy of life or limb." (U.S. Const. amend. V, cl. 2.) "And it

2

(MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT ERIC JOHN TUDELA MAFNAS TO DISMISS THE INDICTMENT)
Criminal Case No. CR 04 00038

protects against *multiple punishments* for the same offense." (*North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).)

## CONCLUSION

The indictment must be dismissed.

Dated at Hagåtña, Guam.

December 20, 2005.

Respectfully yours,

*[signature]*

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for defendant
 Eric John Tudela Mafnas

(DOCUMENT\MEMOSUPPORT.EMafnas)

3

## DECLARATION OF SERVICE

I, Charlene C. Cruz, declare that I am the administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for defendant Eric John Tudela Mafnas herein, and that I served the document to which this declaration is annexed on the following:

Jamie D. Bowers, Esq., Assistant United States Attorney, by transmitting a facsimile thereof to him at (670) 236-2985 and by mailing a copy thereof to him at P.O. Box 500377, Saipan, MP 96950, his last known facsimile telephone number and mailing address, respectively, all on December 20, 2005; and

Perry B. Inos, Esq., the attorney for defendant Charley K. Patris, by transmitting a facsimile thereof to him at (670) 235-9007 and by mailing a copy thereof to him at P.O. Box 502017, Saipan, MP 96950, his last known facsimile telephone number and mailing address, respectively, all on December 20, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2005, at Hagåtña, Guam.

CHARLENE C. CRUZ