F I L E D
Clerk
District Court

DEC 3 0 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant U.S. Attorney
DISTRICT OF THE NORTHERN
    MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2952
Fax:       (670) 236-2985

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. <u>04-00038</u> |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT |
| v. | ) | MAFNAS'S MOTION TO DISMISS THE |
| | ) | INDICTMENT |
| ERIC JOHN TUDELA MAFNAS, and | ) | |
| CHARLEY K. PATRIS, | ) | Date: January 6, 2006 |
| | ) | Time: 9:00 a.m. |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby files its memorandum in opposition to the defendant's motion to dismiss the indictment. Because Mafnas presents no reason or authority to dismiss an indictment after a jury has found him guilty on every count therein, the Government respectfully requests that the Court deny the motion to dismiss as to both Mafnas and Patris, if he joins the motion.

Title 18, United States Code, Section 3143(a)(2), provides that the Court "shall order" the defendant detained unless the Court (1) finds that there is a *substantial likelihood* that a motion for

acquittal or new trial will be granted or the prosecutor indicates that he will recommend a sentence of no imprisonment; and (2) finds by *clear and convincing evidence* that the person is not likely to flee or pose a danger to the community (emphasis added). This section of the statute dictates the terms of his release pending sentencing because Mafnas was convicted of possession with intent to distribute five grams or more of ice, which carries a maximum sentence of at least 10 years and is an offense described in 18 U.S.C. § 3142(f)(1)(C). Mafnas meets none of the criteria set forth by the statute: there has been no motion for acquittal or new trial filed (with the deadline for such filing already passed), the Government does not intend to recommend a sentence of no imprisonment, and the Court made no finding by clear and convincing evidence that Mafnas is not likely to flee or pose a danger to the community. Accordingly, the statute clearly requires the Court to order that Mafnas must remain detained pending trial.

Nevertheless, Mafnas argues that this detention requires that the indictment be dismissed. Mafnas appears to give two reasons for seeking this extraordinary relief: first, because his confinement at the Guam Department of Corrections ("D.O.C.") facility in Mangilao, Guam is in excess to detaining him pending sentencing and is for the purpose of punishing him; and second, because such detention is allegedly in addition to some other punishment that he already received and therefore violates the double jeopardy clause, U.S. Const. amend. V, cl. 2. (Def.'s Mem. In Supp. at 1-2.) Neither argument has any merit towards his request.

First, punishment of the defendant would violate due process standards only without proof of guilt, which is not lacking since the jury rendered its guilty verdict. See Schall v. Martin, 467 U.S. 253, 256 (1984). Schall, the only case Mafnas cites, says nothing about post-conviction detention and is completely inapposite to his point. In fact, it *upheld* a New York statute permitting *pretrial* detention of juveniles so long as rationally connected to some purpose other than punishment. Id. at 269 (emphasis added). Second, Mafnas does not identify what other punishment he allegedly received for these offenses which would cause his current detention to violate the double jeopardy clause. In any event, he

is getting credit towards his ultimate sentence for the time that he is currently serving. 18 U.S.C. § 3585(b)(1). This protection renders the double jeopardy clause inapplicable to this case.

To the extent that Mafnas actually objects to the conditions, and not the fact, of his confinement, the Government makes several points in response. First, the conditions of his statutorily required detention cannot substantiate a request to dismiss an indictment that has already resulted in a jury finding of guilt. As referenced in support of such a motion, the conditions of his confinement are irrelevant. Second, the Government objects to the factual basis for these allegations. At best, the record contains one defendant's version of events. Furthermore, even if those facts are true – and the Government does not concede that they are – the conditions may be rationally related to some other legitimate purpose, such as protection of the defendant (a former police officer) from contact with the general prison population. See id. The Government notes that the Court has ordered a D.O.C. site visit for January 3, 2006, which may augment the record.

Finally, if Mafnas does have some legitimate cause for relief as to the conditions of his confinement, he has raised it in the wrong jurisdiction and by the wrong vehicle. Any objection to the terms of his confinement in Guam D.O.C. must be raised in Guam District Court, the jurisdiction in which he is located, and by civil suit, such as a § 1983 action, not in his criminal case. In fact, the United States Department of Justice, Civil Rights Division, Special Litigation Section ("D.O.J."), is currently implementing a settlement agreement regarding the conditions at the Guam D.O.C., as part of a civil case in Guam District Court, United States v. Territory of Guam, Civ. No. 91-00020. As part of that agreement, DOJ attorneys and retained prison experts anticipate making another visit to the D.O.C. facility sometime this spring. The Government has furthermore forwarded a copy of Mafnas's motion and affidavit to D.O.J. so that it may take any action that it deems appropriate in response to Mafnas's allegations.

1     Accordingly, for the reasons stated above, the Government respectfully requests that the Court

2 deny the defendant's motion to dismiss the indictment and proceed with the sentencings of Mafnas and

3 Patris, now rescheduled for February 13 and 20, 2006.

4 Dated: December 30, 2006
       Saipan, CNMI

Respectfully submitted,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
TIMOTHY E. MORAN
Assistant United States Attorney

4