MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

**CV 08 - 0031**

| United States District Court | District **Northern Mariana Islands** |
|---|---|

| Name (under which you were convicted):<br>Eric John Tudela Mafnas | Docket or Case No.:<br>04-00038-001 |
|---|---|
| Place of Confinement:<br>FCI Safford,AZ 85548 | Prisoner No.:<br>00483-005 |

**FILED**
Clerk
District Court

| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
|---|---|
| v. | Eric John Tudela Mafnas |

JUL 1 0 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: District Court for the Northern Mariana Islands, P.O. Box 500687 Saipan,MP 96950

   (b) Criminal docket or case number (if you know): CR 04-00038-001

2. (a) Date of the judgment of conviction (if you know): 8/16/05

   (b) Date of sentencing: 02/22/06

3. Length of sentence: Count 1,120 months,Count 2,235 months; see Attachment

4. Nature of crime (all counts): Count 1,18 U.S.C. 371 Conspiracy to Commit Theft,Purjury, & Make False Statement; Count 2, 18 U.S.C. 666, Theft Concerning Program Receiving Federal Funds; Count 3, 21 U.S.C. 846,841(a)(1),841(b)(1)(b) Conspiracy to Distribute & Possess with Intent to Distribute aControlled Substance Count 4, 21 U.S.C. 841(a)(1) & 841(b)(1)(B); see Attachment

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒         (2) Guilty ☐         (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

   _____

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☐

Continuation of page 2.

3.  Length of sentance:

    Count 3;235 months,Count 4; 60 months,  Count 5; 60 months
    Count 6; 60 months.  The sentences shall be seved concurrently.


4.  Nature of Crime (all Counts): Pessessio  with Intent to Distribute
    a controlled Substance; Count 5 and 6, 18 U.S.C. 1001 False Statement;
    Count 7 and 8 , 18 U.S.C. 1623 Perjury; Count 9, 18 U.S.C. 3 Accessory
    after the fact.

8. Did you appeal from the judgment of conviction?                    Yes ☒        No ☐

9. If you did appeal, answer the following:

    (a) Name of court:  United States Court of Appeals for the Ninth Circuit

    (b) Docket or case number (if you know):  06-10138

    (c) Result:  Affirmed

    (d) Date of result (if you know):  June 14,2007

    (e) Citation to the case (if you know):  WL 1725726 (C.A.9 (N.Mariana Islands)

    (f) Grounds raised:  Mafnas's sentence,Imposed as it was in addition to the punishment inflicted on Mafnas while he was awaiting imposition of sentence, violates Mafnas's Fifth Amendment Protection against Multiple punishments.

    (g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐  No ☒

       If "Yes," answer the following:

       (1) Docket or case number (if you know): 

       (2) Result: 

       (3) Date of result (if you know): 

       (4) Citation to the case (if you know): 

       (5) Grounds raised: 

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: 

       (2) Docket or case number (if you know): 

       (3) Date of filing (if you know): 

       (4) Nature of the proceeding: 

       (5) Grounds raised:

_____

_____

_____

_____ None _____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐  No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____ None _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐  No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:     Yes ☐  No ☐

    (2) Second petition:    Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:  Retained Counsel clearly represented a conflict of interest during trial and before trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): There was a conflict of interest with attorney Ms.Flores, who also represented Roque Matagolai, a potential alibi witness that petitioner intended to call; Retained counsel showed a conflict of interest by failing to object to the participation of two bias jurors; Retained counsel represented a conflict of interest by failing to object to prosecutor's misconduct.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Petitioner appeal was filed by retained counsel Mr.Howard G. Trapp, who failed to perfect direct appeal, and raise viable issues.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

GROUND TWO:  **Retained Counsel was ineffective during trial, and retained counsel's ineffectiveness prejudiceed defendant.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Retained counsel was ineffective in failing to adequately prepare for trial and consequently in conducting trial, and retained counsel's ineffectiveness prejudiced defendant's right to fair trial; Retained counsel failed to file a motion to suppress petitioner's statement that was obtain inviolation of his Fifth Amendment rights; Counsel failed to inteview or attempt to interview key prosecution witnesses; Counsel never advised petitioner of any global plea offer.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why: Attorney Howard G. Trapp filed an appeal which prejudiced me because he raised one issue on appeal that had nothing to do with trial or sentencing.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE:   _Appellate Counsel was Ineffective for failing_
_raise issues relating to Trial, Conviction and Sentecing._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Appellate_
_counsel was ineffective for not arguing denial of substitution_

of Counsel; Counsel was ineffective for failing to present
claims much stronger than issues he raised; Counsel was
ineffective for failing to object to application of guilde-
lines that increased defendant's sentence; Counsel failed
to object to PSR; Counsel failed to argue insufficient
evidence on appeal; Counsel; Counsel was ineffective for
failing to perfect direct appeal; Counsel failed to argue
Amendment of Indictment; Counsel failed to raise ineffective of counse

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND FOUR: __**Prosecutorial Misconduct:**_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): __The__ Prosecutor violated due process when he seek additional charges solely to punish petitioner; Prosecutor violated petitioner's due process right by sentencing him on inaccurate information for drug Quantity and Quality; Prosecutor was also allowed to Constructively Amend the indictment through its jury instruction No. 29; Prosecution was allow to constructively Amend the indictment in Count 2; Prosecution violated petitioner's Sixth Amendment right to confrontation Clause as to count 2., of the indictment.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Attorney Mr.Trapp failed to review transcripts and prepare for appeal. Mr.Trapp raised an issue that was inconsistent with trial.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which

    ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the

    judgment you are challenging? Yes ❑  No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ Staphanie G. Flores, Torres Brother,P.C.

 P.O. Box 501856, Saipan, MP 96950 _____

(b) At arraignment and plea: _____ Staphanie G. Flores _____

_____

(c) At trial: __Staphanie G. Flores _____

_____

(d) At sentencing: _ Howard G.Trapp 200 Saylor Building, 139 Chalan_

 Santo PaPa, Agana, Gu 96910 _____

(e) On appeal: __ Howard G. Trapp, 200 Saylor Building, 139 Chalan_

 Santo PaPa, Agana, Gu 96910 _____

(f) In any post-conviction proceeding: _____ None _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____ None _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ❑ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ❑ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?       Yes ❑ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Vacate the judgement and discharge the prisoner, resentence defendant, grant a new trial, or correct the sentencing.</u>

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____

<u>June 02, 2008</u> (month, date, year).

Executed (signed) on <u>May 28, 2008</u> (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

* * * * *

## MOVANT'S AFFIDAVIT IN SUPPORT
## OF MOTION TO VACATE SENTENCE AND CONVICTION

CITY OF SAFFORD    )
                   )
        N.         )   ss.
                   )
STATE OF ARIZONA   )

ERIC JOHN TUDELA MAFNAS, duly sworn, deposes and says:

1. I was the Defendant in the matter of **UNITED STATES v. ERIC JOHN TUDELA MAFNAS,** Case No. 04-00038

2. I was arrested on the charges of having violated 18 U.S.C.§ 371 ; 18 U.S.C. § 666 ; 21 U.S.C. §846,(a)(1), 841(b)(1)(b); 21 U.S.C. § 841(a)(1) & 841(b)(1)(B); 18 U.S.C. §1001; 18 U.S.C. §1623; 18 U.S.C. § 3.

3. I was indicted in a Nine count Indictment.

4. The United States of America filed their first superseding Indictment containing the original charges on July 28,2005.

5. On August 16,2005, your affiant was convicted by a jury of the charges in the indictment; and February 22,2006 your affiant was sentenced to 120 months on count 1, and 235 months on count 2.

6. I have no means to employ private counsel at this time, nor in the future.

7. I was respesented By Ms.Staphanie G. Flores of the Torres Brother's law firm during trial.

8. Your affiant proceeded to trial and was found guilty by a jury.

9. I raised the question of counsel's conflict of interest, before the trial judge, which was immediately overruled.

10. During trial counsel raised the issue of substitution of counsel which was denied by trial judge.

1.

11. Prior to trial counsel failed to raise the issue of partic-ipation of two bias jurors.

12. I made several request for counsel to call a pertient witness to testify on my behalf, Rogue Matagolai, which she failed to do.

13. Counsel for defendant failed to adequately prepare for trial.

14. Before and during trial, counsel and I were in disagreement on serveral evidentiary issues that should have been presented to Court in order to preserve my right constitutional rights, and possibly led to my acquittal.

15.That defense counsel failed to inform, confer or advise your affiant of Government's plea offer.

16. That your affiant asked counsel, during trial to file a motion to substitute counsel.

17. On about  August of 2005,  attorney Howard G. Trapp was recognized as attorney of record to represent your affiant during sentencing and on direct appeal.

18. On about 2-22-06, attorney Trapp met with my Wife, Mother, and Uncle, to discuss the appeal matters or concerns. See page 4, of billing from Trapp.

19. Ms.Flores informed me that she would write an affidavit of the incidents that accorded during trial.

20. When Trapp was hired to represent me on appeal, he sent an investigator to come visit me at post 6, and pick up the documents.

21. I informed the investigator that I would like for Trapp to raise serveral issues on appeal. SEE EXHIBIT D BILLINGS FROM TRAPP PG.3

22. The investigator took notes of issues for Trapp to appeal, such as bias jurors, Miranda rights, inconsistancing in statements.

2.

23. Defense counsel failed to argue that the trial court wrongly allowed the government to constructively amend the indicment through is jury instruction 29.

24. That your affiant asked counsel, prior to trial. to file a motion to suppress statement taken by FBI agents.

25. That your affiant also requested appellate counsel to raise the issues of insufficient evidence.

26. That Mr.Trapp did not respond back to several letters that affiant sent to him.

27. That had counsel argued these issues on appeal, i.e, ineffective of trial counsel, prosecutorial misconduct, conflict of interest and construtive amendment of indictment, there is a high probability that this case would have been remanded on appeal back to the district court with instructions.

28 That the instant motion is a derivative of both counsels', trial and appellate, failures and omissions.

29. That counsel's omissions were intentional and performed in disregard for this affiant's rights.

30. the foregoing constitutes, at least, a denial of effectiveness of counsel, both at the trial and appellate levels, in violation of the United States Constitution and result in violation of due process, such that this conviction and the following sentence therby imposed by this COurt are void and should be treated as such.

31. That your affiant has and will continue to suffer collateral disabilities as a direct result of these proceedings and incarceration, such as 1) loss of family ties; 2) likehood of homelessness; 3) financial insolvency; 4) complate loss of livehood; 5) The respect that he had for the Country. The time spent in carceration has

3.

already proven to be a substantial burden upon family resources.

32. That your affiant is also providing letter that was sent to Mr.Trapp showing communication with appellate counsel. See attached correspondence as **exhibit D.**

Letter dated December 23,2007 requesting  Work Porduct Folder, Discovery and trial transcripts.

Letter dated April 7, 2008, requesting for Work Product Floder, Discovery and Trial transcripts.

Letter  dated December 26,2007, requesting Torres Brothers Law firm to turn over Materials, Work Product Folder.

Letter date July 19,2007 requesting Mr.Trapp to turn over indictment, PSR, and sentnencing transcript. See also a respense from attorney Trapp secretary in response to defendant's letter.

Letter dated October 11, 2006 to Mr.Trapp due to lack of communication with defendant.

Letter dated November 15,2006  requesting service from attorney Mr.Trapp

Letter dated January 19,2007 I wrote Attorney Mr.Trapp explaining how important it is to communicate  with me on matters before the Ninth Circuit Court of Appeals.

33. The following exhibits is being submitted in support of motion to vacate.

WHEREFORE, I ask that this Court make an order entering the granting of a hearing; that I be present at the hearing of this motion to vacate sentence, pursuant to § 2255; that after such hearing the judgment of conviction, sentence hereto entered be vacated, and a New trial under Rules of criminal 33.

I ERIC  JOHN TUDELA MAFNAS, declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746

Dated this 28th day of May, 2008         Respectfully, submitted

ERIC MAFNAS   PRO SE
REG.NO.00483-005
FCI SAFFORD
P.O. BOX 9000
SAFFORD AZ. 85548

## MOVANT'S AFFIDAVIT PART TWO
## IN SUPPORT OF MOTION TO VACATE SENTENCE

STATE OF ARIZONA )
                 ) ss:
COUNTY OF GRAHM )

ERIC JOHN TUDELA MAFNAS, being duly sworn, deposes and say:

1.  I was the defendant in the matter of **UNITED STATE v. ERIC JOHN TUDELA MAFNAS,** Case No. 04-00038-001.

2.  I was arrested on the charge of having violated 18 U.S.C. § 371; 18 U.S.C. § 666; 21 U.S.C. §846, 841(a)(1), 841 (b)(1)(B); 21 U.S.C. § 841 (a)(1) & 841 (b)(1)(B); 18 U.S.C.§1001; 18 U.S.C.§ 1623; 18 U.S.C. § 3.

3.  This affidavit is being submited pursuant to section 2255, rule 5(c) Rocords of Prior Proceedings.

4.  This affidavit is being submitted pursuant to section § 2255, rule 7. expanding the record.

5.  This affidavit is being submitted pursuant to section 2255, rule 8. rule governing section 2255.

6.  The following in formation are being quoted from transcripts of trial and sentencing, which support the grounds in petitioner's § 2255 motion.

7.  The following statement on page 919, is from Ms.Flores reference to witness list.

8. See Sentencing transcripts page 49, lines 18-23. Attorney Mr.Trapp failed to object to PSR/PSI.

9. See Appeal Brief page 2. Which is the issue raised by Mr.Trapp as to whether additional punishment inflicted on Mafnas while he was awaiting imposition of sentence, violates Mafnas's Fifth Amendment protection against multiple punishment?

1.

10. Trial Transcripts at page 304, 20-25. Testimony of Carl Cabrera as to whether Mafnas sold him drugs. The amount of drugs he received from defenfant.

11. Trial Transcripts at 305, 3-7 Testimony of Carl Cabrera as to the times defendant sold drugs.

12. Trial Transcripts at 332, lines 14-23. Carl Cabrera, statement's as to the amount of drugs given each meeting with defendant.

13. Carl Cabrera at page 27. lines 9-12 reference to the weight of drugs distrubute by defendant.

14. Trial Transcripts page 236, lines 1-9. statements of Carl Cabrera reference to the poor quality of drugs.

15. Statement of Carl Cabrera "Poor quality of drugs at page 232, lines 6-15. In trial transcripts.

16. That the plaintiff, Eric Mafnas, is entitled in law to to have a hearing on the motion.


Done this date 28th day of May 2008.


Respectfully submitted

By _Eric J. Mafnas_
Eric John Tudela Mafnas
Reg,No. 000483-005
FCI Safford
P.O. Box 9000
Safford AZ. 85548

2.