# EXHIBIT A.

EXHIBIT "A"

```
THE LAW OFFICE OF
STEPHANIE G. FLORES
Suite 202, Quan Bldg.
324 West Soledad St.
Hagatna, Guam 96910
Telephone:  671-479-1003
Facsimile:   671-479-1002
Email:   sgflores@gmail.com
```

U.S. ATTORNEY'S OFFICE
DISTRICTS OF GUAM & NMI

MAR 3 1 2008

R E C E I V E D

COPY of
Original Filed
on this date

MAR 3 1 2008

Clerk
District Court
For The Northern Mariana Islands

FILE NO. 08-599
Date: 3/31/08   Time: 1:35
Book: 14   Page: 96

Commonwealth Recorder

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | Criminal Case No. CR 04-00038 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DECLARATION OF STEPHANIE |
| ) | G. FLORES |
| ERIC JOHN TUDELA MAFNAS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

I, Stephanie G. Flores, being first duly sworn depose and state:

1. That I am an attorney licensed to practice before the Courts of Guam and the Commonwealth of the Northern Mariana Islands and was retained to represent the Defendant in this matter;

2. That I am making this Declaration at the specific request of the Defendant;

3. That prior to the commencement of the trial in this matter I discovered a conflict of interest between two clients, Mr. Mafnas and Mr. Roque Matagolai whose name appeared in the discovery provided to me by the U.S. Attorney's Office;

4. Upon discovery of the conflict I immediately notified both clients and secured alternate representation for Mr. Matagolai to advise him on whether or not he should waive the conflict;

5. Mr. Mafnas did not wish to waive the conflict and I moved to withdraw as counsel for him;

EXHIBIT "A"

6.  A hearing was held, in chambers with Judge Wallace Tashima who was presiding over the matter and he denied my motion to withdraw and ordered me to continue with my representation of Mr. Mafnas;

7.  Although I believe that I did everything I could do for Mr. Mafnas the lingering taint of the conflict remained;

8.  Immediately after the trial ended I recommended that Mr. Mafnas secure alternate representation and he retained Mr. Howard Trapp;

9.  After the trial some information was discovered that indicated that one or more jurors may have been untruthful in response to certain voir dire questions that may have resulted in challenges to the seating of those jurors, I expressed to Mr. Mafnas the need for this information to be relayed to his new attorney so that the information could be verified and possible motions could be researched and if meritorious filed;

10. I turned over all files in my possession to Mr. Trapp at the direction of Mr. Mafnas;

11. I do not know what work was done on Mr. Mafnas' behalf after I turned over the files to Mr. Trapp;

Further your affiant sayeth naught.

Respectfully executed this 28th day of March, 2008 in Hagatna, Guam.

THE LAW OFFICE OF STEPHANIE G. FLORES

By: _____
STEPHANIE G. FLORES, ESQ.

919

to, to conclude a half-hour early today so, as you can see, we will

commence tomorrow morning with the presentation of the defense case.

Please remember the admonitions. One, not to discuss the case. Two,

not to expose yourself to any news reports about this case. And the

jury is excused then until 9:00 a.m., tomorrow morning. Okay?

All right, the jury has left the courtroom. You can be

seated. Let me ask the defense counsel now. I have a witness list

here submitted by Ms. Flores.

MS. FLORES: Yes, Your Honor.

THE COURT: And it's got, it's got 18 witnesses on it. How

many of those do you expect to call?

MS. FLORES: Your Honor, --

THE COURT: As you stand here today?

MS. FLORES: As I stand here today, I expect to call two.

Uh, however, that might be, that might change over the course of this

evening.

THE COURT: It might change --

MS. FLORES: I, it will not, it will not increase beyond

two.

THE COURT: All right, so, and when you say, one is likely

to take -- what are you talking about, the direct of an hour, two

hours, what? Half-hour?

# EXHIBIT B.

**EXHIBIT B.**

900

Q    Explaining what happened to the rest of it, right?

A    Yes.

Q    Okay.  Now let's talk about this particular case.  AGIU 03-060,

the case number that, on the top of this one, Exhibit 27, all right?

Tell this jury what happened to this case after you gave Eric Mafnas

a $1000.  What happened next?

A    After that, I, numerous attempts to get reports or whatever from

him to give us the status of the case or the status of the funds that

he withdrew.  But none of my calls or my page or messages were

answered.

Q    How long did you work on that?  You said you gave most people 10

days or so to expect something back either money of reports, right?

A    Yes, sir.

Q    How long did you wait?

A    I'm still waiting up to now.

Q    From June 23rd of 2003 until now?

A    Yes, I haven't gotten anything yet.

Q    As you sit here today, how much money does defendant Eric Mafnas

here owe you in the AGIU Unit?

A    $1000.

Q    Or in the alternative, what?

A    A report that says, telling me the status of the case and the

**EXHIBIT B.**

906

Q    Okay.    Thank you.    That's all.

        MS. FLORES: That's all.    I don't have anymore further

questions.

        **(End of Ms. Flores' cross of Urbano D. Babauta.)**

        THE COURT: All right, Mr. Inos?

**CROSS-EXAMINATION**
(URBANO D. BABAUTA)

**BY MR. INOS:**

Q    Good afternoon, Mr. Babauta.

A    Good afternoon, sir.

Q    What were you doing prior to your present occupation?

A    I was with the Admin. side.

Q    Doing what?

A    Doing runs.

Q    You were a runner before.

A    Yeah.

Q    Okay.    Now the SIS building in Capitol Hill, is that a

government building?

A    Yes, sir.

Q    And it's on a government property, right?

A    Yes, sir.

Q    I want to try to understand your testimony today.    Are you

telling us that Mr. Mafnas stole $1000 from you or not?    Just trying

**EXHIBIT B.**

907

1    to understand it.

2    A    I cannot say that, sir.

3    Q    You're just telling us that you issued $1000 to Mr. Mafnas for

4    an SIS operation, right?

5    A    Yes.

6    Q    But you have not received that money back, right?

7    A    Yes, sir.

8    Q    And you don't know for a fact whether he tried to contact you to

9    return the $1000; am I correct?

10   A    Yes.

11   Q    And you don't know for a fact whether he tried to have receipts

12   submitted for your review, right?

13   A    Yes.

14   Q    So you have issued out $1000 and you just don't know what

15   happened to the money.  That's all you're saying today in this

16   courtroom, correct?

17   A    Yes.

18   Q    You're not telling us that Mr. Mafnas stole $1000 from, from

19   AGIU, correct?

20   A    Yes.

21            MR. INOS: I have no further question.

**(End of Mr. Inos' cross of Urbano D. Babauta.)**

## EXHIBIT B.

909

MR. INOS: No redirect, or no recross, Your Honor.

MS. FLORES: Just real briefly, Your Honor.

THE COURT: Yes.

### RECROSS-EXAMINATION
#### (URBANO D. BABAUTA)

**BY MS. FLORES:**

Q    Just, just so that we can be clear, you said ever since, uh, 2003 to the present, you've not received anything, right on this $1000?

A    Yes, ma'am.

Q    Okay.  And you still continue to try to track down that $1000, right?

A    Yes.

Q    Okay.  But were you aware that as of December 2003, Mr. Mafnas and Mr. Patris were no longer working at DPS?  They were on leave.

A    Yes, I think I read in the newspaper.

Q    So they were not allowed to do any more official business from December 2003 to the present, right?

A    Yes.

MS. FLORES: Thank you.  That's all I have.  No further question.

**(End of Ms. Flores' recross of Urbano D. Babauta.)**

THE COURT: Mr. Bowers, anything else?

EXHIBIT C.

FD-302 (Rev. 10-6-95)

EXHIBIT C.

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription    12/22/2003

       ERIC T. MAFNAS, date of birth 8/8/1967, social security number ██████████ pager number 236-5776, office number 664-9038 was interviewed at the Commonwealth of the Northern Mariana Islands (CNMI) Department of Public (DPS) where he is employed as a Detective. After being advised the identity of the interviewing agents and that the purpose of the interview was to discuss his handling of 63.5 grams of drugs seized from MANABU CHIZUWA in May 2002, MAFNAS provided the following information:

       MAFNAS has been assigned for approximately two years to the Special Investigations Section (SIS) of the DPS. The other four individuals assigned to SIS are CHARLES PATRIS, ANDREW TAIMANO, and DAVID HOSONO, from DPS and FRANK QUITUGUA from the CNMI Department of Customs.

       He said that the 63.5 gram weight attributed to the drugs seized from CHIZUWA was the result of having weighed the drugs with CHIZUWA's scale. The drugs were subsequently sent to the Guam Police Department laboratory for analysis and the true weight was determined to be somewhere in the 40 gram range.

       MAFNAS advised that he was in the offices of the Attorney General's Criminal Division sometime earlier this year, when he was told by Assistant Attorney General Don Wolfe that CHIZUWA had pled guilty to the drug charges that had been filed against him. MAFNAS then had a discussion with Wolfe about what to do with the evidence in the case. Wolfe told MAFNAS he should destroy the drug evidence and gave him a written authorization to do so. Later that day or perhaps the next, MAFNAS took the written authorization to the DPS evidence room and gave the form to Joannes Taimano, the evidence custodian. TAIMANO then gave the drugs to MAFNAS. MAFNAS then took the drugs to the SIS office on Capital Hill and placed it in a file cabinet.

       The following morning he took the drugs from the file cabinet and showed them to Detective PATRIS. He then took the drugs outside, placed them in a metal "drum can" with other trash and lit the garbage. He and PATRIS then watched as the drugs were incinerated. The drum cans were recently replaced by inmates and substituted with new cans.

---

Investigation on    12/22/03    at    Saipan, CNMI

File #  194D-HN-18100                              Date dictated  Not dictated

   SA DANA M. McMAHON
by    SA JOSEPH E. AUTHER/jea

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

USA00100006

FD-302a (Rev. 10-6-95)

**EXHIBIT C.**

194D-HN-18100

Continuation of FD-302 of _____ MAFNAS _____ , On __12/22/03__ . Page __2__

        MAFNAS had never destroyed drugs prior to that day and has never done so since then. He is not aware of any policy for the destruction of drug evidence.

        MAFNAS was asked about drugs that he told the DPS Commissioner he would be returning on Friday December 19, 2003. He said that he brought the drugs to the DPS office but the Commissioner was unavailable. He said the drugs consisted of 3 "plates" that had been recovered from an Officer Danny Quitugua in November or December of 2002. He took the drugs from Quitugua to be field tested. The drugs tested "presumptive positive". The drugs had been stored in his file cabinet and after the subject pled guilty he forgot he still had them in the cabinet.

        MAFNAS insisted he incinerated the drugs taken from the evidence room and did not sell or give them away. He stated he would be willing to take a polygraph exam.

USAO01007

# EXHIBIT D.

ERIC MAFNAS # 00483-005
FEDERAL CORRECTIONAL INSTITUTION
POST OFFICE BOX 9000
SAFFORD, ARIZONA 85548

OCTOBER 11, 2006.

HOWARD TRAPP  (ATTORNEY AT LAW)
200 SAYLOR BUILDING
139 CHALAN SANTO PAPA
HAGATNA, GUAM 96910


Dear Mr. Trapp,

I thought it was time that I would take the time and compose
a letter to you.  It has been over 4 months since the last time
that I talked to you.   I would like for you to write me as
expeditiously as possible and let me know what is going on with
my case.  I also would like for you to make a copy of all documents
concerning my case and send them to me as soon as possible.
I would like to be kept informed on this case.

I feel that it is very important that I know all dates and times
of all proceedings concerning my case.  You are fighting for my life
at this time and their is nothing more important than the out come
of this case.  I know for you this is your job but for me this
is my life. I talked to my mom recently and she told me that
she heard from you.  In the future please write me and we can
discuss what is needed for you to facilitate my case.

I feel like I am being left out of the most important proceedings
of my life.  I would also like you to tell me when the final
brief will be before the Ninth Circuit Court of Appeals? There
are many questions I have for you but at this time the most
important thing I need from you is a  copy of all my documents.
If I remeber right I had to pay a few thousand dollars  so you
would have the information well at this time I  would like a
copy of everything.

I hope that I will hear from you in the near future. It saddens
me every day not knowing whats going on with my case.  I have
7 children out there wondering whats going on with there father
and at this time I don't know what to tell them.  I look foward
to hearing from you in the near future.  Thank you very much
for everything  that you have done for me so far.


Best regards:

ERIC MAFNAS # 00483-005
FEDERAL CORRECTIONAL INSTITUTION
POST OFFICE BOX 9000
SAFFORD, ARIZONA 85548

NOVEMBER 15, 2006.

HOWARD TRAPP
ATTORNEY AT LAW
200 SAYLOR BUILDING
139 CHALAN SANTO PAPA
HAGATNA, GUAM 96910

Dear Mr. Trapp,

I want to thank you for sending me the Governments response
brief. I received the brief on the 13th day of November, 2006.
I also noticed that we are close to a major dead line on the
response brief due by November 27, 2006. I want to thank you
for all your hard work and efforts. I hope that we are able
to win sometime off of my sentence before the Ninth Circuit
Court of Appeals. I have been praying for success.

Sir I sent you a letter recently asking you to make copies of
my file and send it to me. It is very important that I have
a copy of my complete file. I hope and pray that you will facilitate
this as expeditiously as possible. I am very interested in
looking over my file and learning as much about my case as possible.
Again I want to thank you for all your time and effort.

I look foward to receiving this information in the very near
future. As you know Sir it takes about ten days before I can
reach you by mail. I really need this information and hope
that you send it immediately. I look foward to hearing from
you in the near future. Also I would like you to give me an
estimate on how long it will take before we receive an answer
from the Ninth Circuit Court of Appeals?

I would like to be kept completely informed on this major situation.
We are fighting for my life and the well being of my family,
I take these proceedings very seriously.

Best regards:

F.C.I. SAFFORD
P.O BOX 9000
SAFFORD, AZ 85548

**ERIC MAFNAS # 00483-005**
**FEDERAL CORRECTIONAL INSTITUTION**
**POST OFFICE BOX 9000**
**SAFFORD, ARIZONA 85548**

---

JANUARY 19, 2006

HOWARD TRAPP ( ATTORNEY AT LAW )
200 SAYLOR BUILDING
139 CHALAN SANTO PAPA
HAGATNA, GUAM 96910

           Dear Mr. Trapp,

        On and about the 11th day of October I wrote you a letter explaining how
important it is to me if you would keep me informed on all matters before the
Ninth Circuit Court of Appeals.  Since that day I have been patiently waiting
for a written response from your office.  I have not received that written response
to the letter I wrote October 11, 2006. I know and understand that you are a
very busy man.  I would still appreciate if you would make time to keep me informed
on my case.

        I was reading the reply brief that I received from your office November
17, 2006 and it made notation to a settlement regarding the condition of the
holding tank I was subjected to in Guam. I would like to have the information
about that settlement if possible. I just wanted to take the time and inform
you that I am very interested in knowing the dates concerning my case. For instants
what date will my case be heard before the Ninth Circuit Court of Appeals? Also
how long will it be before we know if your strategy was affective or moot?

        I want to thank you for your time and patience on this matter. Please keep
in mind that we are fighting for my life at this time. I understand that for
you it is a job. But for me I pray night and day that I receive some relief from
your efforts. As far as I am concerned 20 years for a first offense is a misfurtune
and I hope that through you we can right a wrong. Again thankyou very much for
your time. I hope to hear from you in the near future.


        Best regards:


        F.C.I. SAFFORD
        P.O BOX 9000
        SAFFORD, AZ 85548

ERIC MAFNAS #00483-005
FEDERAL CORRECTIONAL INSTITUTION
POST OFFICE BOX 9000
SAFFORD, ARIZONA 85548

JULY 19, 2007

HOWARD TRAPP (ATTORNEY AT LAW)
200 SAYLOR BUILDING
139 CHALAN SANTO PAPA
HAGATNA, GUAM 96910

Dear Mr. Trapp:
    I am requesting for copies of the following documents:

1.) Indictment

2.) PSI

3.) Sentencing Transcript

Please send the documents to me at the above address. Your quick response
to the above request is greatly appreciated. Thank You.

Best regards,

*[signature]*

cc: Mrs. Velma Mafnas
    Ms. Marian Tudela

Eric,

As per your request, here is a copy of
the indictment. I was correct when I
told you that we did not order the Sentencing
transcript. If that is something you really need
you can ask your mom to order it from the
Courts Since She is there in Saipan. As for
the presentence report, we do not have it in
our files but I spoke w/Maria Cruz @ US Probation
Office and She said your case manager or
case worker there at the prison should have a
copy for you to review only.

Charlene

Mr.Eric Mafnas
Reg,No.00483-005
FCI Safford
P.O. Box 9000
Safford,AZ 85548

December 23,2007

To: Attny, Mr.Haward Trapp
    200 Saylor Building
    139 Chalan Santo PaPa
    Hagatna, Guam 96910

**Case No. 04-038**

    Dear Mr.Trapp, Please be advise that after a reviewing of my direct appeal that
was filed by you, I was dissatisfied with the ruling of the court. I am in the
process of filing my 28 U.S.C. §2255 motion and I'm not able to proceed or properly
litigate this motion without the Materials to my case.

Therefore, I am requesting that you please forward all the **Materials, Discovery,**
and a copy of your **Work Product Folder.** This will allow me to prepare my appeal
and hopefully give some time back. I would also like for you to turn over any other
material you have in your possession to my case.

                                        Thank You!

                                        Sincerely

                                        Eric Mafnas Reg,No.00483-005

Received Box containing filed
documents of Eric Mafnas case

Name: Ernie Balbin                          Date: Jan. 25. ?

Ernie Balbin

**Mr.Eric Mafnas**
**Reg,No.00483-005**
**FCI Safford**
**P.O. Box 9000**
**Safford,AZ 85548**

December 26,2007

Attention: Torres Brothers Law firm.
           Attorney Victorino Torres
           P.O. Box 501856 CK
           Saipan, M.P. 96950         **Case No. 04-038**

   Dear Mr.Victorino Torres, Please be advise that I am in the process of filing a §2255 motion to vacate my conviction. However, I am not able to file this motion due to the lack of materials such a my **Transcripts,Discovery** and a copy of your **Work Product Folder.**

I would like for you to turn over all these materials soon as possible. I am also requesting that you provide me with the new location of Stephanie Flores. I am not able to locate her at this time due to my incarceration. So if you could please sent me her address it would be helpful to me.

I was dissatisfied with the job stephanie had done in my case. The ABA criminal justice standards provide that an attorney work under professional standards, and Stephanie has failed to communicate with me during my trial and during sentencing which constitutes unreasonable conduct under prevailing standards.

I would also like for you to send me an written affidavit as to why the judge in my case refuse to dismiss you and Stephanie from my case. This would help me in my case under the grounds of ineffective of counsel.  This would also help under the Sixth and the Fifth Amendment violation that had accord in my case.

I really look forward to hearing from you and Stephanie Soon.   Thank you!

Sincerely

Eric Mafnas No.00483-005

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served an accurate copy of the attached ___A letter to Attny  Victorino Torres___

___requesting a copy of his work product folder and My discovery alone___
___with transcripts.  Any other material in his custody___

_____
_____

upon the following party (ies):

Torres Brothers Law firm
Attorney Victorino Torres
P.O. BOX 9000
SAIPAN, M.P. 96950

_____
_____
_____
_____
_____
_____

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED: ___December 26___, ___2007___.
       Safford, Arizona

_Eric Hill_
Eric Hill Reg.No. 18316-112
FCI Safford
P.O. Box 9000
Safford ,AZ 85548

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Eric Mafnas Reg.No.00483-005

| | | |
|---|---|---|
| Postage | $ 41¢ | |
| Certified Fee | 2.65 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 2.15 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.21 | |

Sent To
Attny: Mr.Haward Trapp
Street, Apt. No.; or PO Box No. 200 Saylor Building
139 Chalan Santo PaPa
City, State, ZIP+4 Hagatna, Guam 96910

PS Form 3800, January 2001        See Reverse for Instructions

7001 1940 0007 9507 3986

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Attny: Mr.Haward Trapp
200 Saylor Building
139 Chalan Santo PaPa
Hagatna,Guam 96910

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X                                      □ Agent
                                       □ Addressee

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:       □ No

3. Service Type
☒ Certified Mail    □ Express Mail
□ Registered        ☒ Return Receipt for Merchandse
□ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Copy from service label)   7001 1940 0007 9507 3986

PS Form 3811, July 1999        Domestic Return Receipt        102595-99-M-1789

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Eric Mafnas Reg.No.00483-005 Cholla

| | | |
|---|---|---|
| Postage | $ 41 | |
| Certified Fee | 2.65 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 2.15 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.21 | |

Sent To
Victorino Torres
Street, Apt. No.; or PO Box No. P.O. Box 501856
City, State, ZIP+4 Saipan, M.P. 96950

PS Form 3800, January 2001        See Reverse for Instructions

7001 1940 0007 9507 3979

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Attny: Torres Brother Law Firm.
Victorino Torres
P.O. Box 501856 CK
Saipan M.P. 96950

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
Deris Bishaya                          JAN 0 4 2008

C. Signature
X                                      □ Agent
                                       □ Addressee

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:       □ No

3. Service Type
☒ Certified Mail    □ Express Mail
□ Registered        ☒ Return Receipt for Merchandise
□ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number (Copy from service label)   7001 1940 0007 9507 3979

PS Form 3811, July 1999        Domestic Return Receipt

Eric John Mafnas
Reg,No.00483-005
FCI Safford
P.O. Box 9000
Safford, AZ 85548


April 7,2008


Attention: Attorney at law
Mr. Howard Trapp
200 Saylor Building
139 Chalan Santo PaPa
Hagayna, Guam 96910

Re: Information pertaining to Case No.04-038

Dear Mr.Trapp, this is a second attempt to reach you in this matter
at hand. In my first attempt, I requested for a copy of your work
product folder, a copy of my discovery, and copies of my transcripts.

In the above case you represented me during sentencing, therefore,
I am request that you forward me all the materials that you have in
your position. I was told that Ms,Flores had forward you all of my
materials for the direct appeal that you filed.


I am looking forward to hearing from you in this matter and would
like for the following above to be provided to me.


                              Respectfully Submitted

                              Eric John Mafnas
                              FCI Safford
                              P.o. Box 9000
                              Safford, AZ 85548

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify, under penalty of perju-
ry, pursuant to 28 U.S.C. § 1746, that I have served an accu-
rate copy of the attached___ A letter to Mr.Trapp requesting
___ that he forward the following: Transcripts, Work product
___ folder and Materials in my case.

_____

_____

upon the following party (ies):

        Mr.Haward Trapp attorney at law

        200 Saylor Building

        139 Chanlan Santo PaPa

        Hagayna, Guam 96910

postage prepaid, by placing same in the Bureau of Prisons' mail-
ing system, on the date set forth below.

DATED:___April 7,_____, 2008___.
         Safford, Arizona

                              _____
                              Eric John Mafnas
                              FCI Safford
                              P.O. Box 9000
                              Safford, AZ 85548

Eric John Mafnas
Reg,No. 00483-005
FCI Safford
P.O. Box 9000
Safford,AZ 85548

April 7,2008

Case No. 04-038

To:Torres Brothers law firm.
Attention: Attorney Victorino Torres
P.O. Box 501856 CK
Saipan, M.P. 96950

RE: Information pertaining to my case.

Dear Mr.Torres, this is my second attempt at writing your law firm.
In my first attempt, I requested a copy of your Work product folder
based on the fact that you  and Stephanie Flores represented me in
the case number above.

As of the date of this letter, I received not one correspondence letter
from your firm. I would like to bring to your attention a second time
that I am in the process of filing a § 2255 motion to vacate my
conviction and need the following information: Copy of your work
product folder, copy of my transcripts, and the complete discovery.

I really look forward to hearing from your office soon to be provided
with the information above.

Respectfully Submitted

Eric John Mafnas
FCI Safford
P.O. Box 9000
Safford, AZ 85548

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served an accurate copy of the attached___A letter requesting the following

__Work product folder, Transcripts, and Materials to case.__

upon the following party (ies):

To: Victorino Torres

Toress Brother law firm

P.O. Box 501856

Saipan, M.P. 96950

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED: ___April 7,___ , __2008__ .
Safford, Arizona

Eric John Mafnas
FCI Safford
P.O.Box 9000
Safford, AZ 85548

Eric John Mafnas                                                                                          Page     3

|            |                                                                                                                                                                                                                                                                                              | Hrs/Rate | Amount |
|------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------|--------|
| 2/9/2006   | Telephones to US District Court clerk (Michelle), telephone to secretary to AUSA T. Moran, telephone from AUSA T. Moran, telephone to FedEx, telephone to client's mother (M. Tudela), various conferences with an instructions to secretarys re continuance of hearing on sentence.                    | 3.00 220.00/hr | 660.00 |
| 2/13/2006  | Research re and preparation of sentencing memorandum, conference with investigator, telephone to USPO M. Brunson.                                                                                                                                                                                     | 2.00 220.00/hr | 440.00 |
| 2/14/2006  | Research re and preparation of sentencing memorandum, conferences with an instructions to investigator, research re dangerous weapon enhancement, conferences with an instructions to secretarys, telephone from attorney A. Long.                                                                      | 2.00 220.00/hr | 440.00 |
| 2/15/2006  | Telephone from investigator (from Saipan).                                                                                                                                                                                                                                                            | 0.25 220.00/hr | 55.00 |
|            | Preparation for sentencing, telephone to attorney A. Long, conferences with investigator, conferences with an instructions to secretary.                                                                                                                                                              | 3.50 220.00/hr | 770.00 |
| 2/17/2006  | Preparation for travel to Saipan (including checking in at airport), telephone to secretary to District Court judge, telephone from secretary to District Court judge, various conferences with an instructions to secretary investigator, telephonic appearance at hearing on imposition of sentence (continued to Wednesday 2/22/06 at 9:00am). | 2.50 220.00/hr | 550.00 |
| 2/21/2006  | Travel, preparation for sentencing hearing.                                                                                                                                                                                                                                                           | 5.00 220.00/hr | 1,100.00 |
| 2/22/2006  | Conference with client, conference with USPO M. Brunson, preparation for an appearance at hearing on imposition of sentence.                                                                                                                                                                          | 5.50 220.00/hr | 1,210.00 |
| 2/23/2006  | Review judgment of conviction, review amended presentence report, telephone to District Court clerk (Gina).                                                                                                                                                                                           | 0.50 220.00/hr | 110.00 |
| 2/8/2006   | Telephone to client, conference with Trapp, investigation.                                                                                                                                                                                                                                            | 0.67 85.00/hr | 56.67 |
| 2/9/2006   | Conference with Trapp, investigation.                                                                                                                                                                                                                                                                 | 2.00 85.00/hr | 170.00 |
| 2/10/2006  | Conference with Trapp, investigation.                                                                                                                                                                                                                                                                 | 2.50 85.00/hr | 212.50 |
| 2/13/2006  | Preparation of sentencing, investigation.                                                                                                                                                                                                                                                             | 1.75 85.00/hr | 148.75 |
| 2/14/2006  | Conference with courts, investigation.                                                                                                                                                                                                                                                                | 3.00 85.00/hr | 255.00 |

Eric John Mafnas                                                                Page    4

|            |                                                                                                                                                                                                  | Hrs/Rate          | Amount |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------|--------|
| 2/15/2006  | Conference with client, review file at court, travel to Saipan, conference with USPO M. Brunson.                                                                                                  | 8.00<br>85.00/hr  | 680.00 |
| 2/16/2006  | Telephone to USPO M. Brunson, conference with Trapp, investigation.                                                                                                                               | 1.00<br>85.00/hr  | 85.00  |
| 2/22/2006  | Conference with client/Trapp, appearance at hearing on sentencing, travel to Saipan, conference with mother, wife, and uncle.                                                                     | 8.00<br>85.00/hr  | 680.00 |
| 3/2/2006   | Preparation of notice of appeal, conferences with instructions to secretary.                                                                                                                      | 0.50<br>220.00/hr | 110.00 |
| 3/6/2006   | Telephones to and from mother, telephones to US Deputy Marshal W. Calvert, email to W. Calvert, research re impact of motion to dismiss for want of jurisdiction on first appeal, conference with instructions to secretary. | 3.00<br>220.00/hr | 660.00 |
| 3/7/2006   | Research re and preparation of statement of issues/and notice of portions of transcript to be ordered, review docket sheets, various conferences with instructions to secretarys.                 | 3.00<br>220.00/hr | 660.00 |
| 3/8/2006   | Conference with instructions to secretary re estimate of cost of transcripts.                                                                                                                     | 0.17<br>220.00/hr | 36.67  |
| 3/9/2006   | Conference with instructions to secretary, telephone to client, telephone from A. Long.                                                                                                           | 1.00<br>220.00/hr | 220.00 |
| 3/20/2006  | Preparation of transcript designation and order forms, various conferences with instructions to secretary.                                                                                        | 1.00<br>220.00/hr | 220.00 |
| 3/21/2006  | Further preparation of transcript order form, conference with instructions to secretary.                                                                                                          | 0.17<br>220.00/hr | 36.67  |
| 3/22/2006  | Conference with instructions to secretary.                                                                                                                                                        | 0.17<br>220.00/hr | 36.67  |
| 3/24/2006  | Research re and preparation of motion re place of temporary confinement, telephone to client, conferences with instructions to secretary.                                                         | 2.00<br>220.00/hr | 440.00 |
| 3/30/2006  | Conference with instructions to secretary.                                                                                                                                                        | 0.17<br>220.00/hr | 36.67  |
| 4/26/2006  | Conference with instructions to secretary.                                                                                                                                                        | 0.33<br>220.00/hr | 73.33  |
| 5/19/2006  | Conference with instructions to admin.                                                                                                                                                            | 0.33<br>220.00/hr | 73.33  |

49

and initialing it.  At the end of the report where it -- at paragraph

160, I'm crossing out the 38 and putting 36, and crossing out 235 to

293 --

THE REPORTER: Say that again?

THE COURT: 235 to 293, and interlineating 188 to 235.  I've

initialed those.  In paragraph 169, I'm crossing out 38 and replacing

that with 36.  Does that change the fine from what is it now that

shows 25,000 to 250,000 in paragraph 169, Probation Officer, Ms.

Brunson?

PROBATION OFFICER BRUNSON: So that will be 20,000 to

200,000.

THE COURT: 20,000 to 200,000, I've made that change,

initialed it.  And if there's anyplace else in the presentence report

that I have missed that talks about 38, the report should conform to

a total offense level of 36.

Are there any other objections or exceptions to the facts

in the report?  Mr. Moran?

MR. MORAN: No, Your Honor.

THE COURT: Mr. Trapp?

MR. TRAPP: No, Your Honor.

THE COURT: In as much as the report has been submitted to

counsel and to the defendant, and in as much as there are now no

50

objections, the court instructs the clerk to file the amended report
as just amended by the court under seal.  In the event that there was
an appeal in this case, the clerk will make the amended report
available to counsel for appellate purpose.

Let the record show that the court now adopts the
presentence report as amended by the court in its entirety, due to
the fact that no portion of the report is any longer in dispute.  Is
there any objection to my adoption of the entire presentence report
from the government?

MR. MORAN: No, Your Honor.

THE COURT: From the defense?

MR. TRAPP: No, Your Honor.

THE COURT: The court has now announced its findings of
facts in this case and now determines the appropriate advisory
guideline to apply to the facts as found by the court.  It is the
court's belief that the advisory guideline is found at Level 36,
Category 1 of the Sentencing Table appearing in the advisory
guidelines.  Does the defendant have any objection to the court's
determination that that advisory guideline is applicable here?

MR. TRAPP: No, Your Honor.

THE COURT: Does the government have any objection to the
advisory guideline the court has found?

28 U.S.C. § 1291.

A notice of appeal was filed on March 6, 2006. (Excerpts of R. at 205.) The judgment appealed from was entered on February 22, 2006, and it was amended, and entered as amended, on February 27, 2006. (Excerpts of R. at 205.) The rule under which it is claimed that this appeal is timely is Fed. R. App. P. 4(b)(1)(A)(i).

## BAIL STATUS

Mafnas is detained (Excerpts of R. at 83), and his projected release date is September 5, 2022. (Excerpts of R. at 188.)

## THE ISSUE

Does Mafnas's sentence, imposed as it was in addition to the punishment inflicted on Mafnas while he was awaiting imposition of sentence, violate Mafnas's Fifth Amendment protection against multiple punishments?

## THE CASE

Mafnas is charged with conspiracy to commit theft concerning programs receiving federal funds (18 U.S.C. § 666(a)(1)(A)), making false declarations before a grand jury (18 U.S.C. § 1623(a)), and making materially false statements (18 U.S.C. § 1001(a)(2)), in violation of 18 U.S.C. § 371; theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A); conspiracy to commit possession with intent to distribute

2

Q    And we, and I asked you and we will do this again.  When we talk about numbers of times and amounts of drugs, and that type of thing, what I want you to do is to be conservative.  I want you to be as accurate as you can.  Can you do that?

A    Okay.

Q    Let's say we talk about numbers of times you've met with someone and you say, you know, "I'm positive about five times but it could have been more, but I know for sure about five." Can you talk about only the ones that you're sure of?

A    Okay.

Q    All right, the same with drug weights, that type of thing.  Can you do that?

A    Okay.

Q    I know that, you know, this is a long time ago, but I want you to be as accurate as you can.  Can you do that?

A    Okay.

Q    All right.  How many times under that kind of operation here, under that idea, how many times did you meet with Eric Mafnas here when he gave you drugs to sell to other people after that first time?

A    Uh, 11 more times.

Q    Eleven more.

A    Yes.

305

Q    Could it have been more?

A    Yes.

Q    But you're sure about 11 more times.

A    Yes.

Q    So 12 in all that you're rock solid sure of?

A    Yes.

Q    All right.  Just so we understand, that first time you brought the money first and you met him in the car, and that was at what location?

A    At my job site.

Q    Okay.  But inside of his car is where it was, right?

A    That's correct.

Q    Tell this jury what other locations you met him at where he gave you drugs.

A    Uh, I remember water tank up in Papago.

Q    Well, let me stop you there and let me show you some pictures, perhaps.  I'm going to show you what's been marked as No. 11.  It's a photograph.  Do you recognize the scene in this picture?  Excuse me.  This is No. 12, No. 12.  Do you recognize the scene there?

A    Yes.

Q    Is that the location you're talking about, this water tank in Papago?

A    That's correct.

Q    Okay, and Eric was on the second floor?

A    That's correct.

Q    And then there were some folks on the third floor at one time?

A    Yeah.

Q    Okay.  Well, let me ask, back track a little bit and ask you.
There was, there was -- you were talking about the fact that
sometimes you would pay in advance.  You give Eric Mafnas the money
that you'd gotten from customers, whenever, and given the money.
They gave you the drugs in exchange, right?

A    That's correct.

Q    Was it always the same amount of drug, always a little more than
five grams, or .5 gram, half a gram?

A    Uh, that's correct.

Q    Yeah, it was a bad question.  But how do you know it was always
about the same?

A    Uh, just the amount I ask him and he knows that I didn't want
the whole one gram.  At times when I call him up that I need to get
some ice from him, there are times when he has it in a Ziploc ready
already.

Q    So is it always the same amount of money that you had to either
give him or bring back to him in exchange for this half gram or a

1      would you say that's true?

2  A   Ah--

3  Q   Meaning if you took what was in that container, it's a

4      whole bunch more than a point six gram?

5  A   Yes, it's a lot in there.

6  Q   Okay, had you ever seen that much methamphetamine

7      before in your life?

8  A   Ah no.

9  Q   So how many times do you believe that Eric Mafnas gave

10     you the point six gram amounts to sell and bring back

11     money to him?

12 A   12 times.

13 Q   12 times.  And you say that with pretty good certainty

14     and authority here for the record.  Remember before I

15     asked you to be conservative in your answers, are you

16     certain it was exactly 12 or is that an amount you're

17     comfortable with?

18 A   Ah 12 or more.

19 Q   It could be more?

20 A   Yes.

21 Q   But not less?

22 A   No.

23 Q   We're not kidding anybody, you've talked to me about

24     these times, right, in our previous meetings that we

25     have?

236

A    It's poor quality.  I would smoke more before I could reach the amount that I have to give to him.

Q    So if you had more drugs, you might smoke more of the profit up yourself; is that what you're saying?

A    Yes.

Q    Okay.  So did it work?  Did you go to Eric Mafnas and say, "okay, I'll do it but I got to do it by the half gram."?

A    Yes.

Q    Give us some idea.  When did that start?  How long after the first time when he came out there and told you, "hey, I think I've got some stuff coming from Guam;" how long after that did you begin to sell for Eric Mafnas?

A    I think it was a little over a month 'cause he said that he had to clear it first.

Q    "Had to clear it"; did you know what that meant?

A    No.

Q    But that's what he said, "I had to clear it."?

A    That's correct.

Q    Okay.  Tell this jury --

        THE COURT: Mr. Bowers, is this like good a place as any to recess?

        MR. BOWERS: You know, Judge, it is.  Thank you.

232

A    Yes.

Q    All right.  Did you have an opportunity to test this drug that Eric Mafnas had to see if it was good or bad or middle, in the middle someplace?

A    Not, no, not test but smoke.

Q    All right, well, smoke then.  You had a chance to smoke it to see if it's any good?

A    Yes.

Q    Compared to the best methamphetamine you ever had, was it the best?

A    No.

Q    Was it poor quality?

A    Yes.

Q    Well, was it real methamphetamine?

A    Yes.

Q    So you're thinking about this in your head about the proposition, selling it for, to bring back $900, did you say, "okay, I'll do it."?

A    No.

Q    Well, what did, what did you tell him?  What did you tell Eric Mafnas here?

A    I told him that I won't 'cause I got other people that I can get

# EXHIBIT E.

**Exhibit E.**

## INSTRUCTION NO. 29

A defendant may be found guilty of any of the crimes charged in the indictment, even if that defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, that the crime charged in the indictment was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of the crime charged in the indictment; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the acts constituting the crime charged. The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served an accurate copy of the attached  28 U.S.C. §2255 motion to vacate   and set aside sentence. Affidavit in support of motion and  Exhibit's A,B,C,D,E, in support of defendant's motion.

upon the following party (ies):

        To: The Clerk of the Court
        District Court for Northern
        Mariana Islands.
        P.O.Box 500687
        Saipan, MP. 96950


        U.S. District Attorney
        District of Northern Marianas Islands
        P.O.Box 500377
        Saipan, MP. 96950

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED:    May 28,        ,   2008  .
          Safford, Arizona

                        _Eric J.T. Mafnas_
                        Eric John Tudela Mafnas
                        Reg. No. 00483-005
                        Federal Correctional Institution
                        P.O.Box 9000
                        Safford, AZ.  85548